IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| TRENT MECKLER, | Cause No. CV 11-45-M-DWM-JCL |
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On March 14, 2011, Petitioner Trent Meckler filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Meckler is a state prisoner proceeding pro se.

On April 4, 2011, Meckler was ordered either to pay the $5.00 filing fee or file a motion to proceed in forma pauperis. He responded late, on May 6, 2011. Although his motion is both late and incomplete and would not be granted in ordinary circumstances, there is no reason to delay resolution of this case. The motion will be granted.

1

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id.

**II. Background**

On October 22, 1997, Meckler pled guilty to criminal endangerment and criminal mischief, both felonies, and stalking, a misdemeanor. His sentence was deferred for a period of eight years, consisting of four years for criminal endangerment, three for criminal mischief, and one for stalking, all terms to run consecutive. For convenience, these three crimes will be referred to together as "the 1997 crimes."

In July 2004, the deferral was revoked, and Meckler was sentenced to serve five years in the custody of the Department of Corrections,[1] with three years suspended. He was also given credit for time served and good-time credit for a total of 628 days. See Mont. Code Ann. § 46-18-203(7)(b) (2003). The two-year

---

[1] A commitment to the custody of the Department of Corrections gives the DOC discretion to place the offender in a community corrections facility that is less restrictive than prison.

unsuspended term was discharged on December 28, 2004, and Meckler was placed on probation. Pet. Mem. (doc. 1-1) at 5-6;[2] Order at ¶ 3, State v. Meckler, No. 05-349, 2006 WL 620863 (Mont. Mar. 14, 2006); Order and Op. at 3, State v. Meckler, No. DC-96-106 (Mont. 21st Jud. Dist. Apr. 20, 2005).[3]

On February 28, 2005, the State petitioned to revoke Meckler's probation. Meckler moved to dismiss the petition, arguing that the time credits he received in 2004 "should have commenced at the time the deferred sentences were originally imposed in 1997," so that he discharged his sentence in 2003, before the July 2004 petition to revoke was filed. Therefore, he argued, he was entitled to full discharge. Order at ¶ 4, Meckler, No. 05-349.

On April 20, 2005, the trial court denied the motion to dismiss, granted the petition to revoke, and sentenced Meckler to three more years in the custody of the Department of Corrections for the 1997 crimes, with credit for 264 days. Appellant Br. at 5-6, Meckler, No. 05-349, 2005 WL 1841283 (Mont. July 21, 2005).

Meckler appealed. On March 14, 2006, the Montana Supreme Court affirmed. Order at ¶ 9, Meckler, No. 05-349.

---

[2] Page numbers cited in this Recommendation refer to the numbering in the electronic record, which is serial. That is, the cover page is page 1, the first page of the Table of Contents is page 2, the first page of the brief itself (showing the caption) is page 4, and so on.

[3] The trial court's order is available at 2005 WL 1841283 in the original PDF image of the Appellant's Brief.

3

In June 2006, while he was serving his DOC sentence, Meckler committed an aggravated assault. He was convicted, designated a persistent felony offender, and committed to the custody of the Department of Public Health and Human Services[4] for forty years. Appellant Br. at 8, State v. Meckler, No. DA 07-0397 (Mont. Oct. 30, 2007); Resp. Br. at 4, Meckler, No. DA 07-0397 (Mont. Jan. 7, 2008); Mont. Code Ann. §§ 45-5-202(2), 46-18-502(1) (2005). The conviction was affirmed on direct appeal. State v. Meckler, 190 P.3d 1104, 1106-07 ¶ 8 (Mont. 2008).

On October 29, 2010, Meckler moved the Montana Supreme Court for leave to file an out-of-time appeal, Mont. R. App. P. 4(6), seeking dismissal of the 1997 crimes. He argued that, at the time his sentence was deferred in November 1997, the maximum period of time any felony sentence could be deferred was three years. See Mont. Code Ann. § 46-18-201(1)(a) (1997). Thus, instead of an eight-year deferred sentence, he claimed he should only have received a seven-year deferred sentence. He concluded that, with good time, he discharged the full sentence on the 1997 crimes before the 2005 and the 2004 revocations.

The Montana Supreme Court construed his request as a petition for writ of habeas corpus, which is available under state law to "every person imprisoned or

---

[4] Similar to a DOC commitment, commitment to DPHHS gives that agency discretion to place the offender in a facility appropriate to his mental health needs.

4

otherwise restrained of liberty . . . to inquire into the cause of imprisonment or restraint." Mont. Code Ann. § 46-22-101(1) (2009); see also State v. Lott, 150 P.3d 337, 342-43 ¶¶ 22-23 (Mont. 2006). The court agreed with Meckler that the four-year deferral of the criminal endangerment sentence was invalid on its face. Order at 2, State v. Meckler, No. OP 10-0530 (Mont. Dec. 21, 2010). Nonetheless, the court denied relief because "Meckler is presently serving a sentence for Aggravated Assault . . . not for any of the 1997 offenses." Id. at 3; see also Resp. to Pet. at 7, Meckler, No. OP 10-0530 (Mont. Nov. 29, 2010) ("That sentence [imposed in April 2005 on the 1997 convictions] has clearly discharged."). As a result, Meckler was not "illegally incarcerated under a facially invalid sentence," Order at 3, Meckler, No. OP 10-0530, and was not eligible for habeas relief.

### III. Meckler's Allegations and Analysis

On March 14, 2011, Meckler filed in this Court the same pleading he filed on October 29, 2010, in the Montana Supreme Court. In that pleading, he asked that the "Out-of-Time Appeal" be construed as "a Motion upon the court . . . to allow the withdrawal of his guilty plea and strike the verdict of guilty from the record and order the charges against the defendant . . . to be dismissed." Pet. Mem. at 9.

Meckler's argument fails to recognize that he was sentenced on three separate occasions for the 1997 crimes. He pled guilty on October 22, 1997, but sentencing

5

was deferred, provided he complied with certain conditions. If he had complied with all those conditions for a full *seven*-year period, that is, until October 22, 2004, the charges based on the 1997 crimes would have been dismissed. Mont. Code Ann. § 46-18-204 (2009).

But Meckler violated the conditions of his deferred sentence. As a result, his deferral was revoked, and a new sentence was imposed on July 21, 2004. At that point, the "deferred sentence" ceased to exist. The sentence entered on July 21 was the only sentence.

Thus, even if Meckler's deferred sentence had only totaled seven years, as it should have, and even if he had fully complied with all of its conditions, he could not have discharged it until October 22, 2004. Therefore, the July 2004 petition to revoke the deferral was timely filed. The new sentence imposed at that time entirely superseded the deferred sentence. The time credits awarded by the judge in July 2004 applied only to the July 2004 sentence because that was the only sentence that existed. Mont. Code Ann. § 46-18-203(7)(b) (2003). Meckler could not earn good-time credits against his deferred sentence because Montana law does not allow good-time credits to persons on probation. McDermott v. Montana Dep't of Corrections, 29 P.3d 992, 998 ¶¶ 26-28, 1002 ¶ 48 (Mont. 2001); Mont. Code Ann. § 53-30-105(3) (1995) (repealed).

6

Meckler also violated the conditions of his 2004 sentence, which totaled five years minus 628 days, and the State timely filed a petition to revoke in February 2005. The petition was granted, Meckler's suspended sentence was revoked, and the new sentence pronounced in 2005 became the only sentence that existed.

At every point, the trial court had jurisdiction to take the actions it took. Even though it made a mistake in imposing a four-year deferred sentence for criminal endangerment in 1997, that mistake did not make any difference in what happened in Meckler's case. Despite the mistake, and even with the time credits awarded to him, Meckler did not actually serve one minute more than the law permitted.

Meckler states that "Federal law dictat[es] credit for time served at sentencing." Pet. (doc. 1) at 1. He is mistaken. If a person serves time for a conviction that is later vacated, and the person is convicted again at a new trial, he is entitled to credit against the new conviction for time he served under the invalid conviction. North Carolina v. Pearce, 395 U.S. 711, 718-19 & n.13 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 795 (1989). Federal law does not require that persons released on conditions be awarded credit for the period of time they complied with their conditions if their release is later revoked and they are sentenced to prison. E.g., 18 U.S.C. §§ 3565(a)(2), 3583(e)(3); United States v. Knight, 580 F.3d 933, 936-38 (9th Cir. 2009).

For these reasons, Meckler's argument is incorrect. He is not entitled to have his convictions for the 1997 crimes vacated. Although it is important that someone should explain these facts to Meckler, fundamentally, the federal court lacks jurisdiction even to consider his case. He was not in custody "by reason of" the 1997 crimes on the day he filed his federal habeas petition. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Meckler's convictions for the 1997 crimes are, of course, still on his record, but "once the sentence imposed for a conviction has completely expired," the mere continued existence of the convictions is not enough to show the petitioner is "'in custody' for the purposes of a habeas attack." Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam).[5] The petition must be dismissed for lack of subject-matter jurisdiction. 28 U.S.C. § 2254(a); see also Resendiz v. Kovensky, 416 F.3d 952, 959-60 (9th Cir. 2005) (describing "two possible exceptions to the 'in custody' requirement," neither of which applies here).[6]

---

[5] The "collateral consequences" doctrine holds that a petition does not become moot if the petitioner was "in custody" at the time of filing but discharges his sentence before the petition is fully adjudicated. E.g., Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). The doctrine may prevent a petition from becoming moot after filing, but it cannot give life to a petition already moot when it is filed.

[6] First, Meckler's right to have counsel appointed to represent him if he could not afford to retain counsel was not violated. E.g., Resp. to Pet. at 2, Meckler, No. OP 10-0530 (Mont. Nov. 29, 2010); Appellant Br. at 1, Meckler, No. DA 05-349 (Mont. July 21, 2005). Second, review was available to Meckler in state court. He could have raised his claim about the limitation imposed by Mont. Code Ann. § 46-18-201(1)(a) (1997) when the deferred sentence was imposed. See, e.g., State v. Essig, 218 P.3d 838 (Mont. 2009) (hearing appeal from judgment conditionally deferring sentence). Meckler appealed the trial court's denial of his motion to dismiss the 2004 petition to

8

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Meckler is not in custody because he fully discharged the sentence on his 1997 convictions in 2008, nearly three years before he filed his federal habeas petition. Cook, 490 U.S. at 492. He could not meet either of the two possible exceptions to the "in custody" requirement. Resendiz, 416 F.3d at 959-60. Further, his argument is based on a misunderstanding and lacks merit. No reasonable jurist could find a basis for encouraging further proceedings. A COA is not warranted.

Based on the foregoing, the Court enters the following:

---

revoke and could have raised the statutory claim at that time as well. State v. Meckler, No. DA 05-349 (Mont. filed June 2, 2005). He failed to do so. That failure is attributed to him, Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 405-06 (2001), but regardless, he was not prejudiced.

**ORDER**

Meckler's motion to proceed in forma pauperis (doc. 4) is GRANTED.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED for lack of subject-matter jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Meckler may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the

right to appeal.

<u>Meckler must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>9th</u> day of May, 2011.

                                               /s/ Jeremiah C. Lynch
                                               Jeremiah C. Lynch
                                               United States Magistrate Judge