

**FILED**

MAY 23 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TRENT MECKLER, | ) | CV 11-45-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Meckler, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254. He challenges his guilty plea to and the resulting sentence imposed for three crimes committed in 1997. That sentence expired prior to the commencement of this action.

Magistrate Judge Lynch entered Findings and Recommendation in this matter on May 9, 2011. Judge Lynch found the Court lacks jurisdiction over the

1

Petition because Meckler is not in custody under the sentence challenged here. Petitioner timely objected to the Findings and Recommendation on May 13, 2011, and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Petitioner objects that Judge Lynch failed to consider the amount of time he served prior to pleading guilty to the 1997 crimes. The objection is irrelevant because it does not change the fact that the Court lacks jurisdiction over this matter. In order for the Court to have habeas jurisdiction, the petitioner must "be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam). Judge Lynch correctly found that Petitioner was not in custody for his 1997 convictions when he filed this Petition, and that no exception to the "in custody" requirement applies here. See Resendiz v. Kovensky, 416 F.3d 952, 959-60 (9th Cir. 2005). The Court also agrees with and adopts Judge Lynch's finding that a certificate of

2

appealability is not warranted.

Accordingly, IT IS HEREBY ORDERED that the Petition (dkt #1) is DISMISSED for lack of subject-matter jurisdiction. The Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 23rd day of May, 2011.

Donald W. Molloy, District Judge
United States District Court